## BANKERS TRUST CO. *v.* WEBER.

1. VENDOR AND PURCHASER—PURCHASER ENTITLED TO RECOVER DAMAGES FOR FRAUD OF VENDORS' AGENT ALTHOUGH THEY HAD NO INTENT TO DEFRAUD.

   Where the sellers' agent showed to the buyer valuable lake shore frontage and represented to him that he was acquiring same when in fact the land conveyed was other land of much less value, the buyer is entitled to recover his damages for the fraud whether the sellers intended to defraud him or not.

2. MORTGAGES—FORECLOSURE DENIED IN CASE OF FRAUD.

Foreclosure of a mortgage given as part of the purchase price is denied where the sellers' agent was guilty of fraud in misrepresenting the land conveyed, the buyer's damage was more than the amount of the mortgage, and the holder of the mortgage is not a *bona fide* purchaser.

Appeal from Oceana; Barton (Joseph), J. Submitted October 9, 1928. (Docket No. 106, Calendar No. 33,990.) Decided December 4, 1928. Rehearing denied January 7, 1929.

Bill by the Bankers Trust Company against Herman H. Weber and another for the foreclosure of a mortgage. Defendants filed a cross-bill, making Glenn M. Porter and William A. Wyman parties plaintiff, and prayed cancellation of the mortgage and damages for fraud. From a decree for plaintiff, defendants appeal. Reversed, and decree entered for defendants on their cross-bill.

*Penny & Worcester,* for plaintiffs.

*A. S. Hinds* and *Fred P. Geib,* for defendants.

POTTER, J. Plaintiff Bankers Trust Company filed a bill to foreclose a real estate mortgage upon lands in Oceana county. Defendants Weber and wife filed an answer in the nature of a cross-bill alleging fraud on the part of Porter and Wyman in the sale of the property mortgaged to them for a part of the purchase price, the mortgage having been assigned by them to plaintiff Bankers Trust Company. Plaintiffs Porter and Wyman were the owners of the real estate. They answered the answer in the nature of a cross-bill consenting to become plaintiffs. The defendant Herman H. Weber, a resident of Grand Rapids, was in the market for lake frontage on the eastern shore of Lake Michigan.

Plaintiffs Porter and Wyman were in the real estate business in Muskegon. H. O. Bailey was an agent of Porter and Wyman, selling for them on commission. Witness Huston was a brother-in-law of Bailey, and it was through Huston and Bailey defendant Weber made contact with Porter and Wyman. The land had been surveyed and a blueprint made. Huston showed the property to Weber, told him it had been surveyed, and pointed out its boundaries to Weber when they were upon the premises. The defendant Weber demanded a blueprint of the survey. This was furnished to him by Bailey, who procured it from Porter and Wyman. The blueprint was exhibited to Weber to locate the boundaries. Bailey pointed out to defendant Weber and witness Smith the location of the westerly boundary of the land by reference to this blueprint. It was known to the parties that Weber was purchasing the property to plat for resale for resort purposes, and that he was particularly interested in the shore property. The westerly boundary of the premises shown Weber was not where it was represented to be by Bailey, and not as shown on the blueprint.

The land shown Weber, lying on the west side of the land he acquired by the purchase, was nearer Lake Michigan and much more valuable than the land conveyed to him. The witnesses are not in serious dispute that at least one-half the total value of the property which Weber supposed he was acquiring was represented by this property near the shore of the lake. Witness Mahoney was a member of the Muskegon real estate board. His estimate of the loss to Weber by reason of his not getting the desirable part of the property was $11,700. Witness Smith, a real estate broker of Grand Rapids, Michigan, fixes the amount at $15,600. J. V. Porter, a

real estate broker living in the vicinity of the property, fixed the loss at $16,900. The defendant Weber himself estimated damages at $13,000.

It is claimed that defendant Weber acquired riparian rights whose value was not considered in estimating defendants' damage. There was competent testimony to sustain the result here reached. This shore frontage was represented to be a part of the property sold to Weber. It was not a part of the property conveyed to him. It was represented to him that he was acquiring certain real estate. In fact, he was not acquiring it. It is immaterial whether the plaintiffs Porter and Wyman intended to defraud Weber or not. The result to him was the same, regardless of what may have been their intent. The Bankers Trust Company is not a *bona fide* purchaser of the mortgage in question. Plaintiffs are not entitled to foreclose this mortgage and sell the property conveyed to Weber.

A decree will be entered dismissing the bill of complaint and canceling and discharging the notes and mortgage, and awarding defendants $2,000 damages against plaintiffs Porter and Wyman, with costs.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.